IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HENRY KAPONONUIAHOPILI LII, | ) | CR. NO. 06-00143 JMS |
| | ) | CIVIL NO. 09-00367 JMS/KSC |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| vs. | ) | MOTION TO VACATE, SET ASIDE, |
| | ) | OR CORRECT A SENTENCE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE

### I. INTRODUCTION

Pro se Petitioner Henry Kapononuiahopili Lii ("Lii") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on August 10, 2009.  In his petition, Lii challenges his sentence of life imprisonment, which the court imposed in February 2007 upon Lii's conviction after pleading guilty to three counts of an Indictment charging him with drug related offenses.

For the following reasons, the court DENIES Lii's Motion.

//

//

//

## II.  <u>BACKGROUND</u>

### A.      The Offense Conduct

On March 15, 2006, Lii was charged in a three-count Indictment with knowingly and intentionally conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count 1); knowingly and intentionally distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (count 2); and knowingly and intentionally possessing with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count 3).  Lii initially pled not guilty to these charges.

On July 7, 2006, the government filed a Special Information as to Prior Drug Conviction Pursuant to 21 U.S.C. § 851 ("Special Information"), which gave notice that the government intended to rely on Lii's two prior state convictions in seeking a sentencing enhancement.  Doc. No. 33.

### B.      The Plea Hearing and Sentencing

On August 24, 2006, without a plea agreement, Lii withdrew his not guilty plea and pled guilty to the three counts of the Indictment.  Doc. No. 39.  At that time, Lii was represented by Glenn Choy.  *Id.*  During the change of plea, Lii affirmed that he had sufficient time to consider his decision to plead guilty and that

he was satisfied with his representation in his case.  Resp't Ex. B at 9, 11.  He

further confirmed that no promises or assurances were made to him in an effort to

have him enter a plea of guilty and that he pled guilty of his own free will.  *Id*. at

11.

On November 8, 2006, Lii filed a Response to the Special Information,

challenging the validity of the Special Information under *Apprendi v. New Jersey*,

530 U.S. 466 (2006), and contending that the government gave insufficient notice

of its filing.  Doc. No. 48.  On December 18, 2008, Choy withdrew as Lii's

counsel.  Doc. No. 58.  On December 20, 2008, Emmett Lee Loy was appointed to

represent Lii.  Doc. No. 61.

On February 6, 2007, Lii was sentenced with Lee Loy present as his

representative.  When questioned by the court, Lii affirmed that he was the person

convicted of the two offenses set out in the Special Information.  Resp't Ex. C at 7.

Lii also stated that he was satisfied with his representation by Lee Loy and

understood the implications of admitting guilt to the offenses listed in the Special

Information.  *Id*. at 14.  The court then sentenced Lii to life imprisonment,

consistent with the sentencing guidelines.

//

//

### C.    Post-Sentencing Motions

On February 6, 2007, Lii filed a Notice of Appeal.  Doc. No. 71.  That same day, Lee Loy filed a motion to withdraw as Lii's counsel.  Doc. No. 68.  On February 9, 2009, Deanna Dotson was appointed to represent Lii.  Doc. No. 77.

On December 18, 2007, the Ninth Circuit affirmed Lii's conviction and sentence.  *United States v. Lii*, No. 07-10099, 2007 WL 4462983 (9th Cir. Dec. 18, 2007).  In its order affirming the conviction and sentence, the Ninth Circuit found that there was no evidence that the filing of the Special Information constituted vindictive prosecution.  *Id*. at *1.  The court also found that Lii's right against self-incrimination was not violated at the sentencing hearing.  *Id*.

On January 17, 2008, Lii filed a pro se motion to the Ninth Circuit requesting an extension of sixty days to file a motion for rehearing.  Ninth Cir. Doc. No. 27.  This motion was never ruled on by the Ninth Circuit.  On February 5, 2009, the Ninth Circuit permitted Dotson to withdraw as Lii's counsel.  Ninth Cir. Doc. No. 31.  On April 10, 2008, the Ninth Circuit received Lii's pro se motion for an extension of forty days to file a petition for rehearing before the Ninth Circuit. Ninth Cir. Doc. No. 34.  In response, on May 5, 2008, the Ninth Circuit issued an order ("Ninth Circuit's May 5, 2008 Order") stating in full, "We construe Appellant's motion dated March 26, 2008 and filed April 10, 2008, as a motion to

4

recall the mandate.  So construed, the motion is DENIED."  Ninth Cir. Doc. No.

36.

On April 28, 2008, Lii filed a pro se petition for rehearing and

rehearing en banc.  Doc. No. 35.  The Ninth Circuit issued no order in response to

the April 28, 2008 petition.

On September 9, 2009, Lii filed the present § 2255 Motion.  The

government filed a response on October 19, 2009.

### III.  <u>STANDARD OF REVIEW</u>

The court's review of Lii's motion is governed by 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

### IV.  <u>ANALYSIS</u>

Lii claims that he is entitled to relief on multiple grounds, including

ineffective assistance of counsel, entrapment, and improper consideration of his

prior offenses.  The court need not reach these claims, however, because Lii's

motion is untimely.

A one-year statute of limitations applies to all § 2255 motions, which begins to run when the underlying judgment of conviction becomes final.[1] 28 U.S.C. § 2255(f)(1).  "[T]he one-year limitations period [under § 2255] for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires."  *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).  The certiorari deadline expires ninety days from the entry of judgment or filing of the order from which review is sought.  Sup. Ct. R. 13.1.  Supreme Court Rule 13.3 details the factors postponing the certiorari

---

[1] Section 2255(f) provides four alternative times at which the statute of limitations period may begin to run:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Plaintiff does not allege, and the court does not find, that any of the circumstances presented in §§ 2255(f)(2)-(4) apply in the instant case.  As a result, the court considers the applicable statute of limitations period to be the one set forth in § 2255(f)(1).

6

deadline:

> The time to file a petition for a writ of certiorari runs
> from the date of entry of the judgment or order sought to
> be reviewed, and not from the issuance date of the
> mandate (or its equivalent under local practice).  But if a
> petition for rehearing is timely filed in the lower court by
> any party, or if the lower court appropriately entertains
> an untimely petition for rehearing or *sua sponte* considers
> rehearing, the time to file the petition for a writ of
> certiorari for all parties (whether or not they requested
> rehearing or joined in the petition for rehearing) runs
> from the date of the denial of rehearing or, if rehearing is
> granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3.

In this case, the ninety-day period for Lii to file for writ of certiorari

began to run on December 18, 2007 when the Ninth Circuit affirmed Lii's

conviction and sentence.  Lii did not *timely* file a petition for rehearing, which

would have extended the certiorari deadline under Supreme Court Rule 13.3.

Federal Rules of Appellate Procedure 35(c) and 40(a)(1) require that a petition for

rehearing en banc or panel rehearing is timely if it is filed within fourteen days

after the entry of judgment.  Lii did not meet this deadline.  Instead, Lii filed his

first motion seeking an extension of time to file a motion for rehearing on January

17, 2008 -- almost a month after the entry of judgment and seventeen days after the

deadline set in Rules 35(c) and 40(a)(1) had passed.  The Ninth Circuit never

granted Lii an extension and Lii ultimately filed his motion for rehearing almost

five months after the fourteen-day deadline. As a result of these delays, Lii's

motion for a rehearing did not postpone the deadline for Lii to file for writ of

certiorari.  *See* Sup. Ct. R. 13.3.

Further, neither of the alternative reasons for postponement of the

certiorari deadline provided for in Supreme Court Rule 13.3 applies in the instant

case.  The Ninth Circuit did not entertain a petition for rehearing at all because it

construed Lii's motion as a motion to recall the mandate.  Accordingly, the

language of Supreme Court Rule 13.3 concerning a lower court appropriately

entertaining an untimely petition for rehearing or *sua sponte* considering rehearing

is inapposite here.  Having found that none of the three reasons set out in Supreme

Court Rule 13.3 for postponing the certiorari deadline applies in the present case,

the court finds that the certiorari deadline must be calculated from December 18,

2007, when the Ninth Circuit affirmed Lii's conviction and sentence.  *See* Sup. Ct.

R. 13.3.

Given that the ninety-day time period for Lii to file for a writ of

certiorari began on December 18, 2007, Lii's conviction became final on or about

March 17, 2008.  At that time, the one-year statute of limitations for § 2255 began

to run.  The statute of limitations then expired on March 17, 2009.  Because Lii

filed his claims on August 10, 2009, his claims are time barred by the statute of

limitations.[2]

In opposition, Lii suggests that the ninety day period for him to file for writ of certiorari did not begin to run until May 5, 2008, when the Ninth Circuit construed Lii's April 10, 2008 motion as a motion to recall the mandate and then denied that motion.  Pet'r Mot. 3.  If Lii's ninety days to file for writ of certiorari began at that time, Lii's claim would have become final on or about August 3, 2008.  Continuing with Lii's calculation, the statute of limitations on Lii's § 2255 claim would have elapsed on August 3, 2009.

Lii's argument rests on a faulty assumption -- a denial of a motion to recall the mandate does not alter the certiorari deadline.  Supreme Court Rule 13.3 states that the certiorari deadline can be altered in only three circumstances: a timely rehearing petition, appropriate consideration of an untimely rehearing petition, or *sua sponte* consideration of rehearing.  Sup. Ct. R. 13.3.  The Rule does not mention, or make exception for, orders on motions to recall a mandate.  The Supreme Court has, however, delayed the certiorari deadline in the "unusual circumstance[]" in which a circuit court, on its own motion, recalled its mandate." *Hibbs v. Winn*, 542 U.S. 88, 97-99 (2004).

---

[2]  Although Lii's Memorandum is dated March 3, 2009, he signed and dated the Petition under penalty of perjury on July 31, 2009.  The Memorandum and the Petition were then received in the Clerk's Office on August 10, 2009.  Assuming that Lii placed the Petition in the mail on July 31, 2009, his Petition is over four months late.

The limited exception in *Hibbs* is not applicable here, however, where the Ninth Circuit denied Lii's motion to recall the mandate.  In cases such as this one where a motion to recall the mandate is denied, courts have found that a motion to recall the mandate does not postpone the certiorari deadline.  *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (rejecting the contention that a motion to recall the mandate tolled the time for filing a petition for certiorari and, consequently, the time for filing a timely post-conviction motion); *Funches v. Ebbert*, 1018 (S.D. Ill. 2009) (calculating the certiorari deadline based on the date that the Seventh Circuit affirmed the plaintiff's conviction, and not based on the plaintiff's motion to recall the mandate or the Seventh Circuit's denial of that motion).  Likewise, in this case, the court finds that the Ninth Circuit's order denying Lii's motion to recall the mandate did not alter the certiorari deadline.

Notably, the fact the Lii did not label his motions to the Ninth Circuit as motions to recall the mandate is inapposite.  The Ninth Circuit's interpretation of Lii's motions controls.  *See Missouri v. Jenkins*, 495 U.S. 33, 47-48 (1990) (finding that how the circuit court "interpreted and actually treated" the motion determined how the Supreme Court should construe the motion at issue and calculate the certiorari deadline).  Because the Ninth Circuit construed Lii's filing as a motion to recall the mandate, and not as a motion for rehearing, this court must

10

do the same.  As a result, as explained above, Lii's filings to the Ninth Circuit and the Ninth Circuit's May 5, 2008 Order did not delay the certiorari deadline, which began to run when the Ninth Circuit affirmed Lii's conviction on December 18, 2007.

In sum, the court finds that Lii's Motion is time barred.

## V.  <u>CONCLUSION</u>

For the reasons discussed above, the court DENIES Lii's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 29, 2009.



        /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Lii v. United States*, Civ. No. 09-00367 JMS/KSC, Cr. No. 06-00143 JMS, Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence